**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Jerome Torstenson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING DEFENDANT** |
| | ) | **MARCO MARSELLA'S MOTION** |
| vs. | ) | **FOR SUMMARY JUDGMENT** |
| | ) | |
| | ) | Case No. 1:07-cv-041 |
| United States of America and | ) | |
| Marco Marsella, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is defendant Marco Marsella's "Motion for Summary Judgment" filed on February 13, 2008.  See Docket No. 20.  The Plaintiff filed a response in opposition to the motion on March 12, 2008.  See Docket No. 32.  Marsella filed a reply brief on March 19, 2008.  See Docket No. 36.  The Court grants the motion for summary judgment for the reasons set forth below.

I.      **BACKGROUND**

The plaintiff, Jerome Torstenson, was a patient at the Department of Veterans Affairs Hospital in Omaha, Nebraska.  On December 9, 2004, defendant Marco Marsella performed an anterior cervical diskectomy and fusion on Torstenson, but did so one vertebral level lower than was intended.  Torstenson contends that Dr. Marsella and other employees of the Department of Veterans Affairs Hospital in Omaha were negligent in the care and treatment rendered, and that as a direct and proximate result of such negligence, he has lost the use of his left arm and suffers stiffness and pain in his neck.

Torstenson learned that his surgery was performed on an unintended vertebrae on June 14, 2005.  Torstenson filed a complaint in federal court on June 18, 2007.  <u>See</u> Docket No. 1.  In the complaint, Torstenson did not name Dr. Marsella as a defendant, believing that Dr. Marsella was an employee of the Department of Veterans Affairs at the time of the surgery.  Torstenson presented a claim for damages under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), based on personal injury caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment.

The Government filed an answer on September 11, 2007.  <u>See</u> Docket No. 4.  The Government denied, among others, that Dr. Marsella was an employee of the Department of Veterans Affairs.  After learning that Dr. Marsella was likely not an employee of the Department of Veterans Affairs, Torstenson then filed an amended complaint on October 23, 2007, in which he added a claim against Dr. Marsella.  Dr. Marsella filed an answer on December 28, 2007.  <u>See</u> Docket No. 19.

On February 13, 2008, Dr. Marsella  filed a motion for summary judgment.  <u>See</u> Docket No. 20. Dr. Marsella contends that Torstenson failed to commence suit against him within the applicable statute of limitations and, therefore, summary judgment is appropriate.  Torstenson contends that any statute of limitations as against Dr. Marsella is either equitably estopped or equitably tolled because Dr. Marsella's employment relationship with the Department of Veterans Affairs was not disclosed until the Government filed an answer.

2

## II.   STANDARD OF REVIEW

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates no genuine issues of material fact exist and, therefore, the moving party is entitled to judgment as a matter of law.  Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(c).  Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party.

The Court must inquire whether the evidence presents sufficient disagreement to require the submission of the case to a jury or if it is so one-sided that one party must prevail as a matter of law. Diesel Machinery, Inc. v. B.R. Lee Industries, Inc., 418 F.3d 820, 832 (8th Cir. 2005).  The moving party first has the burden of demonstrating an absence of genuine issues of material fact.  Simpson v. Des Moines Water Works, 425 F.3d 538, 541 (8th Cir. 2005).  The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).

## III.   LEGAL DISCUSSION

The statute of limitations in a medical malpractice claim does not begin to run "until the plaintiff knows or reasonably should know of both an injury's existence and its cause."  Azizi ex rel. Azizi v. United States, 338 F. Supp. 2d 1057, 1061 (D. Neb. 2004) (quoting Garza v. U.S. Bureau of Prisons, 284 F.3d 930, 934 (8th Cir. 2002)).  The parties agree that Nebraska law applies and imposes a two-year statute of limitations on Torstenson's claim against Dr. Marsella.  See Docket

Nos. 32 and 36.  The parties also agree that Torstenson learned that his surgery was performed on an unintended vertebrae on June 14, 2005.  <u>See</u> Docket Nos. 21 and 32.  Thus, the statute of limitations began to run on June 14, 2005.  On October 23, 2007, Torstenson filed an amended complaint, naming Dr. Marsella as a named defendant for the first time.  <u>See</u> Docket No. 15.  It is clear and undisputed that Torstenson did not file a complaint against Dr. Marsella within the two-year statute of limitations.  Torstenson did not file suit against Dr. Marsella until October 23, 2007, or more than four months after the statute of limitations expired.  Therefore, Torstenson's claim against Dr. Marsella is untimely unless the two-year statute of limitations was equitably estopped or equitably tolled.

      **A.**    **<u>EQUITABLE ESTOPPEL</u>**

Equitable estoppel "may be applied to prevent an inequitable resort to a statute of limitations . . . and a defendant may, by his or her representations, promises, or conduct, be so estopped where the other elements of estoppel are present."  <u>Olsen v. Olsen</u>, 657 N.W.2d 1, 8 (Neb. 2003). According to Nebraska law, the six elements of equitable estoppel are split into two prongs:

> as to the party estopped: (1) conduct which amounts to a false representation or concealment of material facts, or at least which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts.  As to the other party . . . : (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his or her injury, detriment, or prejudice.

<u>Id.</u>

4

The first prong of the test is laid out in the first three elements, focusing on the party estopped, and is met if the party to be estopped lulled the plaintiff into a "false sense of security," which caused the plaintiff to subject his claim to the statute of limitations. Torstenson contends that the false sense of security does not have to be induced by the party that is asserting the statute of limitations as a defense. However, he has failed to provide any legal support for this contention. See Docket No. 32. To the contrary, it is clear that the first prong is "as to the party estopped." See Olsen, 657 N.W.2d at 8. In this case, the party to be estopped is Dr. Marsella. Torstenson does not contend that Dr. Marsella lulled him into a false sense of security, but instead contends that the Department of Veterans Affairs failed to disclose that Dr. Marsella was not an employee at the hospital. See Docket No. 32. Torstenson does not contend that Dr. Marsella's conduct amounted to a false representation or concealment of material facts, or at least that Dr. Marsella's conduct was "calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which [Dr. Marsella] subsequently attempt[ed] to assert." Olsen, 657 N.W.2d at 8. Instead, Torstenson focuses on the Department of Veterans Affairs' conduct or omissions. This is not appropriate since the doctrine of equitable estoppel is "as to the party estopped," which in this case is Dr. Marsella. The Court finds that Torstenson has failed to satisfy the first prong of the doctrine and, thus, does not meet the essential elements of equitable estoppel. The doctrine of equitable estoppel is not applicable in this case.

### B.   EQUITABLE TOLLING

The doctrine of equitable tolling permits a plaintiff to file a claim after the statute of limitations has run "'when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim.'" Dring v. McDonnell Douglas Corp. 58 F.3d

5

1323, 1328 (8th Cir. 1995) (quoting <u>Chakonas v. City of Chicago</u>, 42 F.3d 1132, 1135 (7th Cir. 1994)). Equitable tolling "is an exception to the rule and should therefore be used only in exceptional circumstances." <u>Dring</u>, 58 F.3d at 1330. Equitable tolling is applicable in claims arising under the Federal Tort Claims Act (FTCA). <u>Motley v. United States</u>, 295 F.3d 820, 824 (8th Cir. 2002). The party that is claiming the equitable tolling exception to the statute of limitations has the burden of showing he is entitled to it. <u>Id.</u>

In <u>Motley</u>, the plaintiffs' claim had been dismissed because they failed to file within the applicable statute of limitations. 295 F.3d at 821. The plaintiffs claimed that "Motley was 'lulled into a false sense of security'" because she was never informed of the hospital's FTCA coverage. <u>Id.</u> at 824. The Eighth Circuit Court of Appeals focused on the fact that the plaintiffs made no inquiry into the hospital's status when receiving services from the hospital or during the two-year statute of limitations period. The plaintiffs were not affirmatively misled by the hospital or the government. The "plaintiff must at the very least show that the information <u>could not</u> have been found by a timely diligent inquiry . . . ." <u>Motley</u>, 295 F.3d at 824 (emphasis in original, quotation omitted). Since the plaintiffs had ample time to determine whether the FTCA applied to their claim, they were not entitled to equitable tolling. <u>Id.</u>

Torstenson has not shown that the employment status of Dr. Marsella "<u>could not</u> have been found by a timely diligent inquiry." <u>See Motley</u>, 295 F.3d at 824. While Torstenson does present evidence showing that Dr. Marsella's employment status was never disclosed to him, he has failed to present evidence showing that he ever asked for such information. Had Torstenson made a timely and diligent inquiry into Dr. Marsella's employment status, he would have known whether he had to file a separate claim against Dr. Marsella within the two-year statute of limitations period.

For the Court to deny Dr. Marsella's motion for summary judgment, Torstenson is required to come forward with facts that, if proved at trial, would support equitable tolling.  See Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990) (ADEA case where plaintiffs failed to come forward with facts that, if proved at trial, could support equitable tolling of the 180-day limitations period). The Court finds that Torstenson has failed to do so and, thus, the doctrine of equitable tolling does not apply.

IV.    **CONCLUSION**

The Court expressly finds that there are no genuine issues of material fact in dispute.  The evidence is clear and undisputed that Torstenson's claim against Dr. Marsella is time-barred and should be dismissed as a matter of law.  Dr. Marsella's motion for summary judgment (Docket No. 20) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 10th day of June, 2008.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court

7